## Daugherty Estate

*Acheson, Davidson & Fergus*, for petitioner.
*Zeman & Zeman*, for executors.

ANDERSON, P. J., December 15, 1948.—This issue comes before the court on petition of the register of wills, acting for the Department of Revenue of this Commonwealth, which sets forth, inter alia, that the

executors of the estate of above-named decedent, which is in excess of $10,000, had been requested by the Department of Revenue to file with the register of wills inheritance tax return form RCRI-33, and that they had refused to do so, and closed with prayer for a citation upon them to show cause why the court should not require such executors to comply with such request.

Citation was issued and answer filed by the executors. Such answer denied in paragraph 3 the adoption of such regulation, and if adopted, the legal authority of the Department of Revenue to make such regulation. Paragraphs 5, 6 and 7 of such answer are as follows:

"5. The averments of paragraph 5 are true; however, in further answer thereto, the affiants aver that their refusal is based on their contention that the Department of Revenue is without authority to require that they complete and file a form of the tenor and effect of Exhibit 'A' attached to the petition.

"6. In further answer to the averments of the petition, the affiants aver that the requirements as set forth in the form are harsh, oppressive and unreasonable, and impose duties and responsibilities upon them as personal representatives far beyond any requirements of law imposed upon personal representatives. That said form would require them, as personal representatives, to take oath to matters which would not be within their knowledge and would require them to swear to matters which were solely within the knowledge of decedent. The affiants further aver that compliance with the requirements of the form would require an unreasonable outlay of money, and they, therefore, fear that they would be subjecting themselves to surcharge if such expenditures were made.

"7. The affiants aver that they have heretofore filed an inventory and appraisement and return of real estate as required by law, which fully discloses all of

the assets of the decedent which has come to their knowledge; and therefore aver that they are under no legal duty to furnish any other or further information to the Department of Revenue, but that it is the duty and responsibility of the Department of Revenue to make such investigation as it may require if dissatisfied with the inventory and appraisement and return of real estate, as filed."

At request of counsel the matter was set for hearing on December 8, 1948. At such time, in lieu of testimony, the parties agreed that a typed statement in form of a letter and addressed to the court by Geo. W. Keitel, Deputy Attorney General, and confirmed by R. A. Bowman, assistant director, Bureau of County Collections, Department of Revenue, should be accepted by the court as a verity, insofar as it dealt with fact of adoption and relevant acts of assembly, and date of and authority for adoption of regulation involved.

The jurisdiction of this court to determine this issue was not raised by the pleadings, and was not challenged by the parties.

On basis of contents of letter referred to, the court considers the following facts as not in dispute:

1. That form RCRI-33 was, originally, adopted in 1942 for use in Philadelphia County only.

2. It was redrafted in 1945 by order of March 5, 1945, and was formally adopted in its present form for general use by all registers of wills.

3. That under date of April 4, 1946, the Department of Revenue caused such regulation to be transmitted to and filed with the Legislative Reference Bureau.

4. That it is now of record at no. 18, Pennsylvania Register, and is now on file in the office of the Bureau of County Collections of the Department of Revenue

in Harrisburg, Pa., since repeal of Pennsylvania Register by Act of July 3, 1947, P. L. 1245.

The record in this case discloses the fact that, as is required, upon the filing by the accountants in this case of their inventory, setting up assets in excess of $10,000, the estate was forwarded to Harrisburg for purposes of appraisement, and that such appraisement has not been made because accountants, through their counsel, have refused to file return form RCRI-33 as they were requested by the Department of Revenue to do.

The argument of counsel for accountants in support of his refusal to have his clients file a report was reported, and appears in full in the transcript of the record approved by the court.

From such record it appears that counsel does not seriously question the authority of the Department of Revenue to adopt reasonable regulations which would be of assistance in their making of appraisement for tax purposes. Counsel does take the position, however, that the requirements of form RCRI-33 submitted by the department and which his clients were not permitted by him to file, are not required by the regulation cited as authority for demanding it, or requires information in excess of regulation provision, whichever way you desire to express it.

The regulation upon which the form is based reads as follows:

"CHAPTER III

"Inheritance Tax

"Section 39 — *Resident Estates.* In all resident estates in which the gross assets amount to or exceed ten thousand dollars, the executor or administrator shall file with the office of the Register of Wills, in addition to the inventory required by law, a statement in duplicate of assets of the decedent, together with a list of transfers and beneficiaries, on forms to be

supplied by the Register of Wills in the County in which the decedent was domiciled at the date of his death.

"Adopted under provisions of section 1201 (a) of Act approved April 9, 1939, P. L. 343, as amended."

Counsel for the Department of Revenue takes the position that the regulation just recited is a reasonable regulation properly adopted under power vested in such department by statute and that such form in itself does not require deponent to assume absolute responsibility for the accuracy of answers made, but merely requires deponent to declare with such accuracy as his knowledge permits, the information requested, and that none of the information requested is beyond the purview of the regulation, or requires details that are unreasonable, or harassing.

If that is correct, then the executors here should comply with the regulation and furnish the information requested on and by such form.

Counsel for the estate in discussing the issue contended that the regulation requiring the form involved was unreasonable because it, in reality, was duplication of information furnished by inventory filed and was limited to estates of over $10,000.

The court finds no particular merit in such position. The inventory is required to be filed for an entirely different purpose, that is—as a source of general information of creditors and heirs or devisees, as to size of estate, as basis for accounting, and as general information in determining sufficiency of bond, in cases where bond is required—and while it, incidentally, is of information to the taxing authorities it, in many cases, does not disclose sufficient detailed facts to permit of an accurate appraisement or check on values for taxing purpose. The limitation of regulation to estates in excess of $10,000 is, in itself, not unreasonable. While estates of less value may, as sug-

gested, cause counsel considerable more trouble than those in excess of such amount, such troubles are not usually connected with appraisements.

So, from the point of nature of information required by such form, and its limitation to estates of $10,000 or over, the court finds that regulation is legally authorized and a reasonable exercise of authority.

However, the court is of the opinion that the requirements of the form itself go beyond purview of regulation and are unreasonable as to details. Generally, in requiring information as to assets, transfers and beneficiaries, it is strictly within provisions of regulation, but it demands more of deponent in its stipulation as to how and to what extent and detail information under schedules "A", "B" and "C" shall be furnished and under all schedules if the effect of the statement when signed is to place upon deponent the penalty of perjury, if it should eventually appear that some answers given are incorrect, although deponent honestly believed the information given was correct.

The introductory statement following caption: "That as such (fiduciary) deponent is personally familiar with the affairs of said estate and the property constituting the assets thereof and their fair market value," is not at all a reasonable statement to be required of such fiduciary. He may or may not be personally familiar with such facts—in many cases just the opposite is true—and he may have no personal idea at all as to "fair market value". No fiduciary under such regulation should be required to make such an affidavit. It would be reasonable to require deponent to say that as executor, and to the best of his knowledge, information and belief, the estate of his decedent consisted only of following assets, and that values placed thereon are fair and reasonable.

In the following paragraph, statement as to deposit boxes should contain a qualification that it also was made to the best of knowledge, information and belief of deponent. Deponent should not be required to do more.

This same criticism applies to entire first page of the form in question and could be remedied by the wording of the affidavit opening statement.

The next to closing paragraph of such form may be intended to limit all information given to available knowledge, information and belief of deponent, and in fact no court would permit a fiduciary to be convicted of perjury in any event under the form as prepared, unless it were clearly shown that a deliberate false statement was made, but regardless of that, the form should be affirmatively so worded that there would be no question as to extent of deponent's responsibility. A fiduciary has enough burdens without placing any more than necessary upon him.

The court is of the opinion that the form requires irrelevant supporting data, and also an unreasonable amount of supporting data. For instance, to require values given as to rare and unlisted corporate securities having no established market value to be supported by letter from an officer or broker would seem an unreasonable detail requirement. If the department is dubious about a value given in such instance, it may, by inquiry of deponent, learn in what manner the value was determined, or place its own value thereon.

The detailed information required to be procured as to close or family corporations seems also unreasonable. A statement of assets and liabilities of such corporation and total amount and par value of stock outstanding, if available to deponent, and rate of dividends for, and location of its principal place of business, would not be an unreasonable requirement, but

to ask for statements covering a three-year period as to finances, detailed statement of profit and loss, rate of dividends declared over such period and the number of shares held by each stockholder and salaries of its principal officers, would seem unreasonable detail and in excess of provisions of regulation.

Also requirements as to copartnership, particularly in asking for copies or statements of partnership agreements, salaries of partners, and statements for three years of business of partnership, imposes upon accountant unreasonable detail.

No doubt most of information requested would be of more or less value in determining the amount of appraisement but to place all of the burden of detail on deponent is unreasonable. The department has full powers by subpœna to procure additional detailed information desired to satisfy it as to fairness of values given.

Schedule "C" also requires, in the court's opinion, unreasonable details. For instance, to require copies of deeds rather than references—in requiring copies of documents creating powers of appointment.

Also, in requiring a flat "yes" or "no" answer to questions propounded in the schedule seems unreasonable.

For reasons given the court holds that the form RCRI-33 demands the giving of information in excess of regulation under which it was promulgated, and in unreasonable detail, and, therefore, citation is dismissed without prejudice to right of Department of Revenue to submit to the accountants within such reasonable time hereafter, as will not delay closing of this estate, duplicate forms on which information covered by regulation recited, and of the nature and to extent indicated by this decree, may be furnished to it by the accountants.